STATE *ex rel.* WILLIAM HICKLIN

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12368)

Submitted November 10, 1964.    Decided December 8, 1964.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

Petitioner, William Hicklin, filed his original petition for a writ of habeas corpus ad subjiciendum in this Court on July 27, 1964, alleging his confinement in the petitentiary of this state pursuant to a sentence of life imprisonment imposed in the Circuit Court of Fayette County on January 19, 1940, and asserting that such confinement to be illegal on the grounds that he was sentenced without having the

benefit of counsel and was not duly cautioned by the trial court as to the consequences of his admission that he had twice before been convicted of a felony. Filed as an exhibit with the petition was a copy of the indictment charging petitioner with the offense of forgery on the _____ day of November, 1939, and reciting two previous indictments for the offense of forgery, one committed in May, 1930, and the second in June, 1934, and the court orders pertaining to such previous indictments showing that petitioner, with the assistance of counsel, had entered pleas of guilty thereto and had been sentenced to the penitentiary. Also filed as an exhibit is a copy of the order of the Circuit Court of Fayette County, entered January 30, 1940, reciting that upon petitioner's arraignment "for plea thereto says that he is guilty of forgery and of having been twice indicted and convicted for felony offenses prior thereto, as the State in its indictment against him hath alleged, which plea the Court, after due consideration, doth accept. . . ."

This Court, noting that the court order was silent as to any waiver of petitioner's right to counsel in the principal case, issued the writ on July 28, 1964, returnable September 15, 1964, and appointed counsel to represent him in this proceeding. Respondent made his return to the writ alleging petitioner's confinement to be according to law and demurred to the petition on the grounds that the failure of the trial court to inform petitioner of his right to counsel does not violate petitioner's constitutional right to counsel and that, in the absence of a contrary showing, public officers will be presumed to have properly performed the duties imposed upon them by law.

Petitioner, at the time of the hearing filed four additional affidavits in support of his allegations. Two are those of former sheriffs of Fayette County, Okey L. Patteson, who subsequently served as Governor of this state, and J. R. Aliff, both of whom stated that, while they remembered the person of the petitioner, they had no recollection of any legal proceedings against him. One affidavit is by Carl B. Vickers, Prosecuting Attorney of Fayette County in 1940, who stated that he has no recollection of the proceedings with relation

to the conviction and sentencing of petitioner on January 19, 1940, and that Judge Dillon and Tom Cosby, judge and deputy sheriff, respectively, at that time, are both deceased. Petitioner also made affidavit that: he received an eighth grade education and was without financial means at the time, having been unemployed for a long period of time; on January 19, 1940, he was taken into the chambers of Judge Dillon, in the presence of Mr. Vickers, Sheriff Patteson and Deputy Sheriff Cosby, whereupon Judge Dillon read the indictment to him, to which he entered a plea of guilty, and inquired if he were the same person who had twice before been convicted of the charge of forgery and upon petitioner's admission that he was such person, sentenced him to life imprisonment; he was not represented by counsel, had no means to employ counsel, and did not know of his right to have counsel appointed for him; he did not demand counsel because of his lack of knowledge; neither he, nor anyone he knew, had ever had counsel appointed to represent him; he did not knowingly waive his right to counsel and would not have done so; if the regular procedure of the court was to inform indigent defendants of their right to counsel, and appoint counsel if desired, such was not done in his case; he was never cautioned as to the consequences of his admission that he was the same person who had been twice previously convicted of forgery, was not aware of the habitual criminal statute, and, if he had been informed or cautioned as to the effect of his admission he would not have admitted the same; and, if he had known of his right to counsel he would have demanded that counsel be appointed, believing that if he had been represented by counsel the outcome of the charges against him would have been substantially altered.

The trial court record being silent as to the matter of counsel and the above assertions of petitioner's affidavit being undisputed, this case is thus indistinguishable from and controlled by the decision of this Court in the case of *State ex rel. May v. Boles*, 149 W. Va. 155, 139 S. E. 2d 177, decided this same day, wherein it is held that the right to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of an accused to request counsel, by his entry of a guilty plea or by reason of a record

silent on the matter of counsel. Accordingly, the sentence under which the petitioner is now imprisoned is void and petitioner is entitled to his release upon the writ heretofore awarded.

In view of the decision on this point it is unnecessary to discuss petitioner's contention that the life sentence under which he is now imprisoned is also void for the reason that the trial court failed to duly caution him prior to requiring him to answer as to whether he was the same person named in the two previous indictments. It will be noted, however, that the statute in effect at the time of petitioner's sentencing contained no such requirement.

*Prisoner discharged.*