STATE *ex rel.* DELBERT BROWNING

*v.*

OTTO C. BOLES, *Warden, etc.*

(No. 12369)

Submitted November 10, 1964.   Decided December 15, 1964.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, and *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this original proceeding in habeas corpus Delbert Browning seeks to be released from confinement in the state penitentiary under an indeterminate sentence of from one to ten years imposed by the Circuit Court of Logan County upon his plea of guilty to an indictment charging the offense commonly referred to as breaking and entering.

The prisoner alleges that his conviction on his plea of guilty and the sentence imposed pursuant to that conviction are void on the ground that he was denied his constitutional right to assistance of counsel.

The indictment was a joint indictment against Delbert Browning and two other male persons. On January 18, 1963, the circuit court entered an order stating that the three accused persons "were each this day set to the bar in the custody of the Sheriff," and that each entered a plea of guilty to the charge contained in the indictment. Another order entered on February 28, 1963, recites that the prisoners "were set to the bar in the custody of the Sheriff;" that the court "fixes" the punishment of each at confinement in the state penitentiary for a term of from one to ten years, subject to credit for time previously spent by each in the county jail; that the court "demanded" of the prisoners if there were any reason why the sentence should not be pronounced and, upon hearing nothing in reply, the court pronounced the sentence of from one to ten years.

The court orders do not disclose that Browning, the prisoner, had the assistance of counsel at any stage of the proceedings in court; nor do they disclose that he was advised of his constitutional right to counsel or that he waived such right.

Affidavits were submitted in behalf of Browning, including one made by himself, and affidavits made by seven additional persons. It appears without contradiction from the record that Delbert Browning had been educated to the sev-

enth grade level; that he had no financial means to employ counsel; that he was not represented by counsel at any stage of the trial court proceedings; and that he did not know and was not advised by anybody of his constitutional right to the assistance of counsel. In his own affidavit he alleges that, had he known of his constitutional right, he would have requested and demanded the assistance of counsel. Browning stated further in his affidavit that he believed that if he had had the assistance of competent counsel, "such counsel would have substantially altered the outcome of the charges in relation to him."

The Court believes and accordingly holds that the proper decision of this case is governed and controlled by the decision in the case of *State ex rel. May* v. *Otto C. Boles, Warden, etc.*, 149 W. Va. 155, 139 S. E. 2d 177, (decided at this term of Court.)

For reasons stated, the respondent is ordered to release the prisoner forthwith.

*Prisoner discharged.*