STATE *ex rel.* LARRY ARBRAUGH

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12367)

Submitted November 10, 1964.  Decided December 18, 1964.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This petition for a writ of habeas corpus was instituted under the original jurisdiction of this Court by the petitioner, Larry Arbraugh, an inmate of the West Virginia State Penitentiary at Moundsville, and was returnable September 15, 1964, but was continued by agreement of the parties until November 10, 1964, at which time it was submitted on arguments and briefs for decision of this Court.

The petitioner was indicted on October 6, 1947, by the grand jury of Ohio County, West Virginia, for three separate offenses of breaking and entering. On October 14, 1947, the defendant pleaded guilty to each of the three indictments and sentence was deferred until October 20, 1947, at which time sentencing was again deferred until October 24, 1947. On October 23, 1947, the prosecuting attorney of Ohio County filed an information setting out four previous convictions and the petitioner admitted that he was the same person involved in the former convictions. Thereupon, the court sentenced him to confinement in the West Virginia State Penitentiary for the rest of his natural life.

The copy of the information filed with the petition indicates that it was filed in the Intermediate Court of Ohio County on the 28th day of October, 1947, and it is the contention of the petitioner that his life sentence based on the information is therefore void because it was filed five days after he had been sentenced on October 23, 1947. However, the photostatic copy of the information filed in this case contained in the respondent's return clearly shows by the clerk's notation that it was filed in the Intermediate Court of Ohio County on the 23rd day of October, 1947, at 1:14 p.m. Therefore, we are of the opinion that the petitioner's contention with this respect is not well taken.

The questions raised by the petitioner in this proceeding to maintain his contention that he should be released from the custody of respondent are that he was not advised that he could have the assistance of counsel and therefore never waived such appointment by the trial court in connection with the three main offenses of breaking and entering; and also that he was not duly cautioned before being given the life sentence based on the previous convictions contained in the information.

Both the Constitution of the State of West Virginia and of the United States provide for the assistance of counsel. Article III, Section 14, of the West Virginia Constitution, and the Sixth Amendment to the Constitution of the United States. However, the right to have the assistance of counsel may be waived if done so intelligently and understandingly. *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159; *Carnley* v. *Cochran,* 369 U. S. 506.

The recent United States case of *Gideon* v. *Wainwright,* 372 U. S. 335, held that the Sixth Amendment was applicable to state courts as well as to Federal Courts by virtue of the Fourteenth Amendment relative to due process, and in so doing overruled the case of *Betts* v. *Brady,* 316 U. S. 455, wherein it was held that the Sixth Amendment was not applicable to state courts. The *Gideon* case held that the assistance of counsel was a fundamental right essential to a fair trial, and if an indigent defendant was convicted without assistance of counsel such conviction violated the Fourteenth Amendment. The federal rule which is now applicable to state courts is set forth in *Johnson* v. *Zerbst,* 304 U. S. 458, to the effect that even if an accused does not request the assistance of counsel it is the duty of the court to ascertain if he understands that he is entitled to one. This matter is now contained in Rule 44 of the Federal Rules of Criminal Procedure. It was also held in *Von Moltke* v. *Gillies,* 332 U. S. 708, that there is a strong presumption against the waiver on the part of the accused of assistance of counsel. The case of *Carnley* v. *Cochran,* 369 U. S. 506, held that the record must show, or it must be proved by the evidence, that

the accused was offered counsel and that he intelligently and understandingly waived such offer of counsel.

The record in the case at bar merely shows that the petitioner pleaded guilty. There is nothing to indicate that he was offered the assistance of counsel or that he waived the assistance of counsel and the affidavits of the petitioner and others in his behalf affirmatively state that he was neither offered the assistance of counsel nor that he in any manner waived such assistance. It would therefore appear that under the decisions of the Supreme Court of the United States the petitioner's constitutional right of due process under the Fourteenth Amendment has been violated and his conviction and sentence for the main offenses are therefore void. It also appears from the record in this case that the petitioner was not duly cautioned when he admitted he was the same person previously convicted on four other occasions which would of course vitiate the life sentence. *State ex rel. Cox* v. *Boles,* 146 W. Va. 392, 120 S. E. 2d 707. See *State ex rel. Mounts* v. *Boles,* 147 W. Va. 152, 126 S. E. 2d 393.

However, it is not necessary to discuss this matter, or whether it is necessary for him to have counsel relative to the previous convictions contained in the information as indicated in the case of *Chewning* v. *Cunningham,* 368 U. S. 443, because, if the convictions on the main offenses upon which the sentence was based are void, the entire proceeding and sentence are void.

The exact question involved in this case was also presented to this Court in the case of *State ex rel. May* v. *Boles, etc.,* 149 W. Va. 155, (decided December 8, 1964), and controls the case at bar. It was held in point three of the syllabus of the *May* case that: "The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel."

The relief prayed for by the petitioner is therefore granted and he is discharged from the custody of the respondent.

*Prisoner discharged.*