STATE *ex rel.* TREEVIE WAUGH

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12434)

Submitted April 27, 1965.          Decided May 18, 1965.

*Naaman J. Aldredge,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

The petitioner, Treevie Waugh, filed a petition for a habeas corpus *ad subjiciendum* on February 16, 1965, invoking the original jurisdiction of this Court in connection therewith. The writ prayed for was granted and the proceeding set for hearing on April 27, 1965, at which time the case was argued and submitted to the Court for decision.

The facts are undisputed in this case. The petitioner was indicted on May 13, 1957, by the grand jury of Logan County, West Virginia, on a charge of burglary. On June 4, 1957, petitioner was arraigned in court and pleaded guilty to the charge contained in the indictment after which the Circuit Court of Logan County took time to consider of its judgment, and on June 29, 1957, the petitioner was again called before the Court and sentenced to confinement in the West Virginia State Penitentiary for an indeterminate term of not less than one year nor more than 15

years, with credit given to him for the time spent in jail awaiting trial and conviction.

The orders contained in the record are silent with regard to the assistance of counsel or the waiver thereof. The allegations in the petition and the affidavits in support thereof, which are not denied by the state, are to the effect that the petitioner was financially unable to employ an attorney to represent him, that at no stage of the proceedings in the Circuit Court of Logan County was he represented by counsel nor was he advised of his right to the assistance of counsel, that he did not know of his right to the assistance of counsel and had he known of such right he would have requested the Court to appoint counsel to represent him, that he did not knowingly waive his right to the assistance of counsel, that he only had a fifth grade education and did not understand the text of the Fourteenth Amendment of the United States Constitution, and that had he been represented and advised by an attorney he believes the outcome of the charge against him would have been altered.

It is the contention of the petitioner that, inasmuch as he was not furnished counsel or advised of his right thereto, he did not knowingly and intelligently waive such right, that the sentence imposed upon him by the trial court is void and that he should be released from confinement in the penitentiary of this State.

The exact questions involved in this proceeding have been answered by recent decisions of this Court wherein it was held that the right to the assistance of counsel is a fundamental right under the provisions of the Federal and State Constitutions and that it would not be presumed to be waived by the failure on the part of the accused to request assistance of counsel, notwithstanding the entry of a plea of guilty on his part or the silence of the record in connection therewith. *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Hicklin* v. *Boles,* 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Brown-*

*ing* v. *Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles,* 149 W. Va. 193, 139 S. E. 2d 370.

The general rule that there is a presumption of regularity of court proceedings has been qualified by the recent decisions of this Court with regard to the assistance of counsel, and where the record is silent on this matter it will not be presumed that the accused waived such right. *State ex rel. May* v. *Boles, supra; State ex rel. Hicklin* v. *Boles, supra; State ex rel. Stumbo* v. *Boles, supra; State ex rel. Browning* v. *Boles, supra; State ex rel. Arbraugh* v. *Boles, supra.*

It is therefore clear from the decisions of this Court referred to herein that the sentence under which the petitioner is confined in the penitentiary is void and his retention therein is illegal. For the reasons contained herein, petitioner is hereby released from confinement in the West Virginia State Penitentiary.

*Prisoner discharged.*