STATE *ex rel.* DAVID BROWNING

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12494)

Submitted September 1, 1965.    Decided September 21, 1965.

BROWNING, JUDGE, not participating.

*William Walter Smith,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This original habeas corpus proceeding was filed in this Court by the petitioner David Browning on July 9, 1965.

The writ was granted on July 20, 1965, returnable September 1, 1965, at which time it was submitted for decision upon argument and brief.

The petitioner was indicted by the grand jury of Logan County in January, 1946, for the crime of armed robbery, and on January 18, 1946, he pleaded guilty to the charge as contained in the indictment. On January 28, 1946, the Circuit Court of Logan County sentenced the petitioner to a term of fifty years in the West Virginia State Penitentiary.

It is the contention of the petitioner that he was not provided the assistance of counsel when he was arraigned and sentenced; that he was not informed of his constitutional right to the assistance of counsel and that he did not knowingly waive such right; and that therefore the sentence of imprisonment in the penitentiary is void because his constitutional rights have been denied. The record is silent with regard to this matter. There is no controversy with regard to the facts in this proceeding. The defendant's return admits that the record is silent with regard to the matter of assistance of counsel, the waiver thereof or advice as to such right.

The question of the right to the assistance of counsel has been held in many recent cases to be a fundamental right which can not be presumed to be waived. Any conviction is void where this fundamental constitutional right was not safeguarded. *State ex rel. Clarence May v. Otto C. Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. William Hicklin v. Otto C. Boles,* 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. Delbert Browning v. Otto C. Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Larry Arbraugh v. Otto C. Boles,* 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. James Edward Pettery v. Otto C. Boles,* 149 W. Va. 379, 141 S. E. 2d 80; *State ex rel. Treevie Waugh v. Otto C. Boles,* 149 W. Va. 525, 142 S. E. 2d 62; *State ex rel. Danny Gosnell v. Otto C. Boles,* 149 W. Va. 550, 142 S. E. 2d 465.

The petitioner is therefore entitled to release from confinement in the penitentiary under the uncontradicted facts

presented in this proceeding because the sentence under which he is confined has been held to be void by the authorities cited herein. The defendant is hereby directed to release the petitioner forthwith.

*Prisoner discharged.*