147 S.E.2d 486 (1966)
STATE ex rel. James SCOTT
v.
Otto C. BOLES, Warden, West Virginia Penitentiary.
No. 12522.
Supreme Court of Appeals of West Virginia.
Submitted January 12, 1966.
Decided February 15, 1966.
Concurring Opinions March 7, 1966.
Concurring Opinions March 29, 1966.
*487 John F. Wood, Jr., Huntington, for relator.
C. Donald Robertson, Atty. Gen., Thomas P. O'Brien, Jr., Asst. Atty. Gen., Charleston, for respondent.
*488 BERRY, Judge:
This proceeding involves a petition for a writ of habeas corpus filed by James Scott, an inmate of the West Virginia State Penitentiary, invoking the original jurisdiction of this Court, in which he alleges that he was not afforded the assistance of counsel in a previous conviction in Lucas County, Ohio, and was not duly cautioned as required by the recidivist statute of this State before an additional sentence was imposed upon him for the previous conviction. The writ was granted on the basis of these allegations returnable January 12, 1966.
The defendant filed a return in which the allegations contained in the petition were answered in detail with duly certified copies of the court orders showing the proceedings, both in this state for the principal offense and the State of Ohio for the previous conviction, and stating that the petitioner was legally confined in the West Virginia Penitentiary pursuant to the judgments of a court of competent jurisdiction in this State and that a valid commitment for his confinement had been issued under said judgments and that said petitioner was represented by counsel at his previous conviction in the Common Pleas Court of Lucas County, Ohio, as shown by a proper authenticated record of said Court.
On January 12, 1966, the day this proceeding was set for hearing and was submitted, counsel for the petitioner filed a brief in his behalf with an affidavit of the petitioner attached thereto in which he stated that he had not been duly cautioned by the Common Pleas Court of Cabell County before the additional sentence was imposed upon him under the recidivist statute of this State but he admitted having the assistance of counsel at the previous conviction as shown by the records of the court at which he had been previously convicted. However, it is the contention of the petitioner that he is nevertheless entitled to relief in this proceeding because the court order of the Common Pleas Court of Cabell County where he was convicted of the principal offense and sentenced to an additional five years under the recidivist statute is silent with regard to his being duly cautioned by said Court before the sentence was imposed. A certified copy of the court order filed with the defendant's return is silent with regard to the duly cautioning of the petitioner. The cause was submitted to this Court for decision by the parties upon arguments and briefs.
On January 3, 1958, the petitioner, at which time he was represented by counsel in the Common Pleas Court of Cabell County, West Virginia, pleaded guilty to an indictment charging him with breaking and entering, after which a written information was filed by the prosecuting attorney alleging that the petitioner had been previously convicted of a felony in the Common Pleas Court of Lucas County, Ohio. The petitioner was thereupon sentenced to confinement in the West Virginia Penitentiary of from one to ten years for the principal offense and an additional sentence of five years for the previous felony conviction in the Common Pleas Court of Lucas County, Ohio. Although the petitioner has not served the maximum sentence provided for the principal offense, it is his contention in this proceeding that the additional sentence of five years imposed upon him should be held void by this Court because it is not affirmatively shown by the order of the Common Pleas Court of Cabell County that he was duly cautioned. Although there is a presumption of regularity in court proceedings and that the court performed its duty in every respect as required by law, the petitioner insists that this presumption has been overcome by the affidavit attached to the brief filed in his behalf on the day of the hearing. No answer or traverse to the return was filed by the petitioner denying the statements in the return. See 39 C.J.S., Habeas Corpus, § 99, and Hurley v. Hurley, 71 W.Va. 269, 76 S.E. 438.
The question involved in this proceeding has been previously answered by this Court on several occasions. A statement *489 that an accused is not duly cautioned is merely a conclusion of law and is not proper pleading nor is it proof if contained in an affidavit. State ex rel. Massey v. Boles, W.Va., 140 S.E.2d 608, (decided March 9, 1965); State ex rel. Smith v. Boles, W.Va., 146 S.E.2d 585, (decided July 27, 1965). It is true that under the statute of this State dealing with habeas corpus proceedings a prima facie case, in order for this Court to issue a writ, may be made by an affidavit or other evidence which may indicate probable cause to believe that a person is detained without lawful authority. Code, 53-4-1. However, this does not in any way warrant the release of a petitioner confined in the penitentiary. Such petitioner has the burden of proving by a preponderance of the evidence the allegations alleged in his petition or affidavit which would warrant his release. 39 C.J.S. Habeas Corpus §§ 99, 100. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L. Ed. 830. Section 2 of Rule IX of the Rules of this Court clearly states that affidavits will not be considered except in ex parte hearings and that in effect it is necessary to take depositions in order to have proper proof although such depositions are labeled or called affidavits. This rule reads as follows:
"Other than on ex parte hearings, affidavits will not be considered by the court unless reasonable notice be given to the opposing party or his counsel of the time and place of the taking of the same, with the right of cross-examination."
Similarly, Section 6, Article 4, Chapter 53, Code of West Virginia, relating solely to the use of affidavits in habeas corpus cases, provides that they may be read as evidence if taken at the direction of the court on reasonable notice to the other party.
It has been repeatedly held that there is a presumption of regularity of court proceedings in courts of competent jurisdiction which remains until the contrary appears and that the burden of proving any irregularity in such court proceedings rests upon the person who alleges such irregularity to show it affirmatively. In a collateral proceeding such as this proceeding which is an attack on a judgment of a court of competent jurisdiction in another proceeding the burden does not shift to the defendant upon the filing of a petition and affidavit to prove that the judgment is proper in all respects and that the court performed all of its duties required by law. 39 C.J.S. Habeas Corpus § 100. It will be presumed, where the record is silent, that a court of competent jurisdiction performed its duty in all respects as required by law. There is, however, an exception with regard to this presumption relating to the right to the assistance of counsel, which is a fundamental constitutional right provided in both the State and Federal Constitutions and will not be presumed satisfied. State ex rel. Massey v. Boles, Warden, W.Va., 140 S.E.2d 608; State ex rel. Arbraugh v. Boles, 149 W.Va. 193, 139 S.E.2d 370; State ex rel. Stumbo v. Boles, 149 W.Va. 174, 139 S.E.2d 259; State ex rel. Browning v. Boles, 149 W.Va. 181, 139 S.E.2d 263.
It should be pointed out that this Court is an appellate court and does not conduct hearings with oral testimony before the court as do trial courts. The constitution of this state does give this Court original jurisdiction in habeas corpus proceedings, in addition to its appellate jurisdiction in such cases. Article VIII, Section 3, Constitution of West Virginia. However, the Constitution also gives the circuit courts original jurisdiction in such cases. Article VIII, Section 12. The circuit courts are trial courts and full hearings can be held with testimony of witnesses given in person before the judges thereof.
The inmates of the penal institutions of this state can institute habeas corpus proceeding in the circuit court or any other trial court created and given such jurisdiction by the legislature in the counties wherein such institutions in which they are detained are located if they so desire and can have a full hearing in such proceedings *490 before such courts. Code, 53-4-1 and 53-4-2.
Although this court can and does appoint attorneys to represent indigent petitioners in habeas corpus proceedings that come before it, the court cannot represent or act as attorney for such petitioners or provide methods for releasing them from confinement not sanctioned by law. However, in the case at bar, even if the proceeding had been instituted in a trial court and no proof other than the allegation contained in the petition and affidavit was offered, relief could not have been granted to the petitioner.
The common law procedure governing habeas corpus proceedings does not allow it to be used as a writ of error or as a post-conviction procedure in a collateral attack on a court proceeding valid on its face notwithstanding the procedure used in the federal courts. 1 Cooley's Constitutional Limitations, (8th Ed.) 723; Slater v. Melton, 119 W.Va. 259, 262, 192 S.E. 185; Hawk v. Olson, 145 Neb. 306, 16 N.W.2d 181; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61, 67; Hawk v. Olson, 146 Neb. 875, 22 N.W.2d 136; Case v. State, 177 Neb. 404, 129 N.W.2d 107. But, see Case v. State of Nebraska, 381 U.S. 336, 85A S.Ct. 1486, 14 L.Ed.2d 422, (decided May 24, 1965), for a solution to the situation. It should be noted, however, that inasmuch as the maximum sentence for the principal offense has not been fully served by the petitioner and he therefore cannot be released from confinement in any event, the federal courts would not issue the writ in the first instance. 39 C.J.S. Habeas Corpus § 82b; Ex Parte Zimmerman, 9 Cir., 132 F.2d 442; Estabrook v. King, 119 F.2d 607; Albori v. United States, 9 Cir., 67 F.2d 4; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574.
The identical question presented in this case was involved in the case of State ex rel. Smith v. Boles, supra, which was decided by this Court July 27, 1965, and it is adequately and fully answered in the syllabus, wherein it is stated:
"There is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law, with the exception of the fundamental constitutional right of assistance of counsel which is specifically provided for in both the State and Federal Constitutions."
The presumption of regularity of court proceedings applies without question to courts of record of general jurisdiction or courts of record of limited jurisdiction with presumption of jurisdiction granted by the legislature in the statute creating such courts. This matter was usually provided for by the legislature in this state when such courts were created. Rutter v. Sullivan, 25 W.Va. 427; Slater v. Melton, 119 W.Va. 259, 192 S.E. 185. See Chapter twenty-eight, Acts of the Legislature, Regular Session, 1893 at page 90, for the original granting of presumption of jurisdiction for court involved herein. In the case of Smith v. Boles, supra, the court of record was the circuit court, a court of general jurisdiction. In the case at bar the court of record is the Common Pleas Court of Cabell County, which was granted such authority, i. e., that its jurisdiction would be presumed "unless the contrary plainly appears upon the record", when it was originally created by the legislature in 1893 as a criminal court and the amendments thereto changing the name and giving it additional jurisdiction are not inconsistent or in conflict with such matter.
It is true that in courts of limited jurisdiction unless they are granted a presumption of jurisdiction by the legislature it is ordinarily necessary that the jurisdictional facts appear of record in order *491 to create the presumption that such court had jurisdiction. Rutter v. Sullivan, supra; Slater v. Melton, supra. However, it is usually held even in courts of limited and inferior jurisdiction that the presumption of the regularity of judicial proceedings attaches when a party, imprisoned under an order or process of court, seeks relief therefrom on habeas corpus. 39 C.J.S. Habeas Corpus § 100 a. (2), page 670.
Although this matter discussed above was not raised or questioned in this proceeding, nor was it raised or questioned in the case of Smith v. Boles, supra, the dissenting opinion in that case raised the question, and the purpose of the discussion contained herein in connection therewith is to clarify the matter.
For the reasons set out herein the relief prayed for by the petitioner is denied and he is remanded to the custody of the defendant.
Prisoner remanded.
CALHOUN, Judge (concurring):
While I disagree with the correctness of the decision in this case, I concur in the result merely because a majority of the members of the Court apparently feel that a proper decision of the case is controlled by State ex rel. Smith v. Boles, W.Va., 146 S.E.2d 585.
Reasons for my disagreement were set forth in part in my dissenting opinion in the Smith case. In this concurring opinion I am undertaking, respectfully, to amplify the reasons for my disagreement with the majority, in the light of the opinion in the present case and in the light of concurring opinions of Judges Haymond and Browning, respectively, which followed my dissent in the Smith case.
Without referring further to various questions of a purely procedural nature which were raised in my dissenting opinion and in Judge Browning's concurring opinion in the Smith case, I would like to discuss some questions relating to jurisdiction and presumptions of regularity of court proceedings which were discussed in all of the four opinions in the Smith case. I would not want anybody to believe that these views are expressed dogmatically or with complete assurance that they are correct and sound to the extent of an unwillingness on my part to reexamine and test their correctness with the aid of all other members of the Court. It is obvious, however, that we are experiencing some difficulties in this area and that in good faith we have differing views. It seems apparent that prior decisions of the Court in this area are not entirely clear and perhaps even lacking in consistency.
The vast majority of the habeas corpus cases in this Court in recent years have involved federal constitutional questions because of the fact that decisions of the Supreme Court of the United States have made provisions of the federal Bill of Rights applicable to criminal proceedings in state courts by reason of the due process clause of the Fourteenth Amendment.
The Supreme Court of the United States is the final arbiter in relation to questions of federal constitutional law. The result is that this Court, in relation to so many of these habeas corpus cases, is not a court of last resort. Decisions of this Court in cases of this character are subject to reexamination by proper proceedings in federal courts. This right of reexamination, as I understand, is exercised by the federal district courts, as well as by federal appellate courts; and decisions of this Court may be reexamined in relation to its determination and application of legal principles, its findings of fact and perhaps also in relation to matters involving exercise of judicial discretion. Miller v. Boles (N.D.W.Va., 1965), 248 F.Supp. 49. Our task and our obligation in cases of this character, therefore, is to endeavor to interpret and apply pertinent federal court decisions, particularly decisions of the Supreme Court of the United States.
*492 In my dissenting opinion in the Smith case, I undertook to state my view that the "duly cautioned" provision of Code, 1931, 61-11-19, as amended, the recidivist statute, is not jurisdictional in character but a failure of a trial court to observe that requirement of the statute may constitute a denial of due process of law so as to render the proceeding void, just as a violation of the constitutional right of assistance of counsel in a criminal proceeding is held to constitute a denial of a fundamental right and to cause the proceeding to be void, not for lack of jurisdiction, but because it amounts to a denial of due process of law. I believe that my further examination of federal court decisions demonstrates unmistakably that a failure of a trial court to observe the "duly cautioned" provision of the statute constitutes a denial of due process so as to nullify the proceedings under the recidivist statute. This is true whether the matter be regarded as jurisdictional or not. This being so, I believe the authorities to which I shall refer subsequently herein demonstrate that a proper decision of cases such as this and the Smith case do not require a consideration of jurisdiction or of principles pertaining to presumption of jurisdiction.
In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, it was held that denial of the constitutional right to assistance of counsel constituted a denial of due process so as to render the conviction void. In Chewing v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442, the Court held that, in a proceeding under the recidivist statutes of Virginia which are similar to our own, "a trial on a charge of being a habitual criminal is such a serious one (Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4), the issues presented under Virginia's statute so complex, and the potential prejudice resulting from the absence of counsel so great that the rule we have followed concerning the appointment of counsel in other types of criminal trials is equally applicable here." (Italics supplied.) To the same effect, see Yaeger v. Director of the Department of Welfare and Institutions, 319 F.2d 771 (4th Cir., 1963).
In Oyler v. Boles and Crabtree v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, involving proceedings under the recidivist statutes of West Virginia, the Court, after referring to its prior decisions upholding the right to assistance of counsel in such proceedings, stated: "Although these cases were specifically concerned with the right to assistance of counsel, it would have been an idle accomplishment to say that due process requires counsel but not the right to reasonable notice and opportunity to be heard." The Court held that the due process clause required such advance notice, notwithstanding the fact that this Court previously had held that such notice was not required by the recidivist statutes of this state. State v. Blankenship, 137 W.Va. 1, pt. 8 syl., 69 S.E.2d 398. It appears to be clear from the decisions of the Supreme Court of the United States previously cited herein that requirements of due process of law apply to proceedings under our recidivist statutes just as fully as in criminal trials.
In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, in reference to waiver of the right to assistance of counsel, the Court stated: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." In arriving at its holding, the Court quoted the following from Johnson v. Zerbst, 304 U.S. 458, 464-465, 58 S.Ct. 1019, 82 L.Ed. 1461: "It has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.'" Thereafter this Court promptly held that, upon a silent record, there could be no presumption of the waiver of the right to assistance of counsel. State ex rel. Powers v. Boles, 149 W.Va. 6, 138 S.E.2d 159. The same *493 holding was repeated in State ex rel. May v. Boles, 149 W.Va. 155, 139 S.E.2d 177, and, in the second point of the syllabus, the Court stated: "Courts indulge every reasonable presumption against waiver of a fundamental constitutional right and will not presume acquiescence in the loss of such fundamental right." The identical language has been used as syllabus points in subsequent cases. State ex rel. Stumbo v. Boles, 149 W.Va. 174, pt. 2 syl., 139 S.E.2d 259; State ex rel. Browning v. Boles, 149 W.Va. 181, pt. 2 syl., 139 S.E.2d 263; State ex rel. Calloway v. Boles, W.Va., 140 S.E.2d 624, pt. 2 syl. It seems to be established, therefore, by the decisions of the Supreme Court of the United States and recognized by this Court that, upon a silent record, courts indulge "every reasonable presumption against" waiver of a fundamental right, whether it be the right to assistance of counsel or some other fundamental right.
Mounts v. Boles (4th Cir., 1963), 326 F.2d 186, involved a case in which this Court had held that certain brief remarks of the trial court were sufficient to satisfy the "duly cautioned" requirement. State ex rel. Mounts v. Boles, 147 W.Va. 152, pt. 4 syl., 126 S.E.2d 393. The United States Circuit Court of Appeals (326 F.2d at 188) stated: "We are, of course, bound by the West Virginia Court's interpretation of the statute, but we must hold that notwithstanding the fact that the procedure below complied with the provisions of the statute it did not comply with the requirements of due process under the Fourteenth Amendment." In nullifying the proceedings had in the trial court under the recidivist statute, the Court amplified the requirements of the "duly cautioned" provision, in the light of the Fourteenth Amendment, as follows: "To satisfy the minimum requirements of fundamental fairness under the circumstances the prisoner should have been told of his right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury. Furthermore, he should have been told that the consequences of his admissions would be a mandatory life sentence." In Crabtree v. Boles, 339 F.2d 22 (4th Cir., 1964), the Court again recognized that failure to comply with the "duly cautioned" provision of the West Virginia statute constitutes a denial of due process of law.
Spry v. Boles, 299 F.2d 332 (4th Cir., 1962), involved the "duly cautioned" provision of the West Virginia recidivist statute. The Court stated at page 334: "The act in question requires that the prisoner be `duly cautioned.' We are satisfied that this requirement is mandatory and that if the petitioner was not duly cautioned prior to his admission of his identity and prior to the imposition of the life sentence then the failure to do so denied to the prisoner `due process of law' and consequently the sentence imposed under the statute was void." The Court pointed out (page 334) that the trial court's order "is silent as to whether or not the Court duly cautioned the [prisoner]." Nevertheless, the Court considered depositions, including the deposition of the judge of the Circuit Court of Logan County in which the sentence was imposed. In his deposition, the trial judge stated that he had no distinct recollection of the procedure but that it was his habit or custom properly to caution the prisoners in all such cases. The Court held that this evidence was insufficient to support the previous finding of the federal district court that the prisoner had been duly cautioned. The Court made the following additional statement: "In the interval between that decision and the filing of the present petition, the state authorities have taken no steps to rectify the silence of the order of conviction on due cautioning."
In Kershner v. Boles (N.D.W.Va., 1963), 212 F.Supp. 9, involving a proceeding under the recidivist statutes of this state, the order of the trial court was silent in relation to compliance with the "duly cautioned" requirement of the statute, but the Court nevertheless considered the testimony of the prisoner to the effect that he had not been duly cautioned, noted there was no testimony to the contrary, and would have discharged *494 the prisoner except for the fact that he had not served the maximum of the valid sentence for the principal offense.
In further recognition of the general rule that a denial of due process of law will nullify trial court proceedings in criminal cases, the Supreme Court of the United States and this Court have held that a conviction will be regarded as void and a nullity if the prisoner has been denied a transcript of the proceedings of his trial. State ex rel. Banach v. Boles, W.Va., 131 S.E. 2d 722. This Court has also held that a denial of a request of a prisoner for a transcript of his jury trial upon an information pursuant to the recidivist statutes of this state constitutes a denial of due process of law and causes such proceedings to be void. State ex rel. Legg v. Boles, W.Va., 135 S.E.2d 257.
So far as I know, this Court, since its decision in the Mounts case, has not undertaken to spell out in detail how and to what extent a trial court, in a proceeding under the recidivist statutes, must caution the prisoner. In the present case the Court has held that an allegation in a habeas corpus petition that the prisoner was not duly cautioned is a mere legal conclusion. This question was not raised by the respondent but rather by the Court ex mero motu. This, I believe, represents a departure from numerous prior decisions of the Court. The statute itself merely uses the words "duly cautioned". What allegations will hereafter suffice the Court has not said. It may be reasonably assumed, I believe, that the trial court in such a situation, in order to comply with the requirements of due process of law, must advise the prisoner of his right to admit or to deny that he is the same person as the one described in the information, or to remain silent; that the prisoner must be advised of the consequences of admitting that he is the same person; that the prisoner must be advised of his right to a jury trial of the issue of his identity; that he must be advised of his constitutional right to assistance of counsel; and that, if he desires counsel but is financially unable to employ an attorney, the court must advise him of the right and duty of the court to appoint counsel to represent him without charge in the proceeding.
Since the Supreme Court of the United States has held that the right to assistance of counsel applies to proceedings under the recidivist statutes to the same extent as in criminal trials; that the waiver of counsel cannot be presumed from a silent record; and that failure to comply with the "duly cautioned" provision constitutes a denial of due process of law, so as to nullify the proceedings under the recidivist statutes, I am unable to understand why we apply one set of principles in the "assistance of counsel" cases and another set of principles in the "duly cautioned" cases. Both types of cases involve the constitutional right to assistance of counsel and to due process of law pursuant to the Fourteenth Amendment. Implicit in the "duly cautioned" requirement, I believe, is a duty on the part of the trial court to advise the prisoner of his right to assistance of counsel. That the court did so cannot be presumed from a silent record. In the light of the decisions of the Supreme Court of the United States, which we are obliged to follow, I do not believe that we are warranted in holding that, upon a silent record, we must presume that the requirements of due process of law were fully complied with in the trial courts in the "duly cautioned" cases, but not in the cases involving the denial of due process of law based solely on a denial of the constitutional right to assistance of counsel. Fundamental or constitutional rights are involved in both types of cases.
When the trial court record is silent, I do not believe we are warranted in presuming, in a proceeding under the recidivist statutes, that the prisoner waived his constitutional right to assistance of counsel or that the trial court in other respects complied with the due process of law requirements which are essential to a valid sentence under the recidivist statutes.
Inasmuch as a failure to comply with the "duly cautioned" requirement constitutes a *495 denial of due process of law, nullifying and rendering void the proceedings under the recidivist statutes, it is immaterial and unnecessary for us to decide whether the statutory requirement is jurisdictional. My view would not require an overruling of decisions of this Court that the matter is jurisdictional. Since denial of due process of law renders the proceedings void, irrespective of the presence or absence of jurisdiction, we are not, in my view, concerned with the question whether it must be presumed that jurisdictional prerequisites were satisfied in the trial court; nor are we concerned with questions relating to the way in which lack of jurisdiction may or may not be proved.
Denial of due process will render the proceedings void. This Court has held, in countless cases, that a void judgment, being a nullity, may be assailed collaterally in a habeas corpus proceeding. Innate in the "duly cautioned" requirement, I believe, is a duty of the trial court to advise the prisoner of his right to assistance of counsel. When the trial court record is silent on the subject, I do not belieive we may presume that the trial court, in a proceeding under the recidivist statutes, complied with the requirements of due process of law especially with the requirement that the trial court duly caution the prisoner in relation to his right to assistance of counsel.
The relator in this case is not trying to contradict a court record or to establish that the trial court acted without jurisdiction. He is merely trying to prove that he was denied due process of law, rendering the proceedings void, and he should be permitted to prove his case in the same manner as if this were a "right to counsel" case.
BROWNING, Judge (concurring).
I am in agreement with the majority in remanding this petitioner to the penitentiary, but I would do so strictly and precisely for the reasons stated in my concurring opinion in State ex rel. Smith v. Boles, W.Va., 146 S.E.2d 485, 598.