**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Neil W.,**
**Petitioner Below, Petitioner**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0383** (Ohio County 17-C-85)

**Patrick Mirandy, Warden,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Neil W.,[1] pro se, appeals the March 27, 2017, order of the Circuit Court of Ohio County denying his seventh petition for a writ of habeas corpus. Respondent Patrick Mirandy, Warden, St. Marys Correctional Center, by counsel Robert L. Hogan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 14, 1998, an Ohio County grand jury indicted petitioner on fifty-two counts relating to child sexual offenses. Specifically, the indictment included the following:

> Seventeen counts of sexual assault in the third degree; nineteen counts of sexual abuse in the third degree; seven counts of exhibiting obscene material to a minor; five counts of photographing a minor in sexually explicit conduct; three counts of sexual abuse by a parent, guardian, or a custodian; and one count of sexual abuse in the first degree.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

The indictment stated that the offenses occurred in July of 1998 as to forty-three counts. As to the remaining nine counts, the offenses were said to have occurred between October of 1997 and December of 1997. No victim was identified by name. Instead, the indictment noted that each victim's name was known to the grand jury.

On November 17, 1998, petitioner entered guilty pleas to fourteen counts of the indictment pursuant to a plea agreement. The fourteen counts included twelve felonies and two misdemeanors. Specifically, petitioner pled guilty to eight counts of sexual assault in the third degree; one count of sexual abuse in the third degree; two counts of sexual abuse by a parent, guardian, or a custodian; one count of exhibiting obscene material to a minor; one count of sexual abuse in the first degree; and one count of photographing a minor in sexually explicit conduct. The remaining counts of the indictment were dismissed.

On December 30, 1998, the circuit court held a hearing on a request by petitioner to withdraw his guilty pleas based on the claim that, at the time of his pleas, medical conditions affected his ability to make intelligent decisions regarding complex issues. However, following petitioner's testimony, the State offered the testimony of petitioner's next door neighbor, Jean S., who visited with petitioner in jail several times following the November 17, 1998 plea hearing. Jean S. testified that petitioner's motivation in filing his motion to withdraw his guilty pleas was that "if he kept it up long enough, . . . they would reduce [his] sentence." Accordingly, the circuit court reaffirmed its prior determination that petitioner's guilty pleas were intelligently, knowingly, and voluntarily made. By order entered on January 8, 1999, the circuit court denied petitioner's motion to withdraw his guilty pleas.

The circuit court held petitioner's sentencing hearing on February 2, 1999. At the start of the hearing, petitioner's trial attorney presented a second motion to withdraw the guilty pleas alleging that the State's non-disclosure of exculpatory evidence affected petitioner's decision to plead guilty. The circuit court agreed with trial counsel that a medical report, which showed that one of the victims had no physical signs of being sexually assaulted, constituted helpful evidence for the defense. However, the circuit court denied the motion finding that the medical report was not exculpatory because the lack of physical evidence was not determinative of petitioner's guilt or innocence.

After the circuit court denied the second motion to withdraw the guilty pleas, it inquired whether the parties were ready to proceed to sentencing. Petitioner's trial attorney responded by waiving petitioner's right to a presentence investigation report and noting petitioner's authorization to do so. The circuit court first heard argument from petitioner's counsel and then directly from petitioner. During his allocution, petitioner criticized his trial attorney's advice and stated that trusting him was a mistake. The circuit court then heard argument from the State and a statement by the victims' therapist. Ultimately, the circuit court imposed the sentence to which the parties agreed in the plea agreement, which was an aggregate term of twenty-eight to eighty years of incarceration.

Following the pronouncement of petitioner's sentence, the circuit court agreed with his attorney's argument that it was required to give petitioner credit for time served. The circuit court

further advised petitioner of his right to appeal its judgment. Petitioner requested appointment of appellate counsel. Petitioner's trial attorney requested to withdraw and not be appointed appellate counsel. Counsel explained that "it would appear [that] there is now a conflict of interest between myself and my client" and that he would be a witness in any post-conviction proceeding about the plea negotiations and the advice that he provided to petitioner. Petitioner did not object to his trial attorney's motion to withdraw. Accordingly, the circuit court appointed a new attorney to represent petitioner on appeal.

The initial sentencing order was entered on February 3, 1999. However, the circuit court resentenced petitioner on August 26, 1999, for the purposes of appeal. On appeal, petitioner argued that the circuit court erred in accepting his guilty pleas. By order entered March 23, 2000, this Court refused petitioner's appeal. Petitioner filed his first petition for a writ of habeas corpus on October 22, 2000. Subsequently, in a July 21, 2005, agreed order to correct sentence, the circuit court held that under the statute in effect at the time, the applicable sentence for sexual abuse by a parent, guardian, or a custodian was five to fifteen years. Thus, the circuit court found that petitioner had been sentenced to two illegal ex post facto terms of ten to twenty years under the current version of the statute for the two convictions for sexual abuse by a parent, guardian, or a custodian. The court resentenced petitioner to two five to fifteen terms on each of those counts, to be served consecutively to each other. Petitioner subsequently filed five additional habeas petitions, all of which were either denied or dismissed.

Petitioner filed his seventh habeas petition on March 17, 2015, claiming that his trial attorney withdrew at the beginning of the February 2, 1999, hearing and left him unrepresented during sentencing. By order entered on March 27, 2017, the circuit court found that, after "review[ing] the pleadings, evidence, and pertinent legal authorities," petitioner's claim was devoid of merit. Accordingly, the circuit court denied the petition.

Petitioner now appeals the circuit court's March 27, 2017, order. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 3 of *Anstey*, we held as follows:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief. Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d

657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) [(per curiam)]."

237 W.Va. at 412, 787 S.E.2d at 866.

On appeal, petitioner reiterates his claim that his trial attorney withdrew at the beginning of the February 2, 1999, hearing and left him unrepresented during sentencing. Petitioner argues that his claim rises to the level of constitutional magnitude because sentencing constituted a critical stage of his criminal proceedings. Respondent concedes that the right to assistance of counsel during sentencing is a fundamental right. *See State ex rel. Hicklin v. Boles*, 149 W.Va. 163, 163-64, 139 S.E.2d 182, 183 (1964) (granting habeas relief on a claim that the petitioner was sentenced without benefit of counsel). However, respondent asserts that the February 2, 1999, sentencing hearing transcript unequivocally shows that petitioner's trial attorney did not withdraw until the end of the hearing. Upon our review of the sentencing hearing transcript, we agree with respondent and find that petitioner's trial attorney represented him throughout the hearing. Therefore, we find that the circuit court did not err in denying the instant habeas petition.[2]

For the foregoing reasons, we affirm the circuit court's March 27, 2017, order denying petitioner's seventh petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: February 2, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[2]Though petitioner makes a magnitude of complaints regarding his criminal proceedings, the circuit court found that he raised only one issue in the instant petition—that being his spurious claim that he was unrepresented during sentencing. Petitioner did not include a copy of his habeas petition in his appendix. Consequently, respondent asserts that nothing in the appellate record indicates that petitioner raised any other issue before the circuit court. We agree. Therefore, we decline to address the other issues that petitioner raises on appeal. Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance"); *see also* W.Va.Rul.App.Proc. 10(c)(7) (providing that an argument must include citations that pinpoint when and how issues were presented to the circuit court and that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal").