# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Daniel Slonaker,**
**Petitioner Below, Petitioner**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0343** (Monongalia County 13-C-846)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Daniel Slonaker, by counsel Jason E. Wingfield, appeals the Circuit Court of Monongalia County's January 24, 2018, order denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, by counsel Caleb A. Ellis, filed a response.[1] On appeal, petitioner argues that the circuit court erred in denying his habeas petition based upon an erroneous standard. He further argues that the circuit court erred in denying his petition without affording him a hearing in regard to his claims of ineffective assistance of counsel, improper prosecutorial comments, and involuntary statements made to law enforcement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, following a jury trial, petitioner was convicted of three counts of second-degree sexual assault arising from forced intercourse with the victim. For these crimes, the circuit court sentenced petitioner to ten to twenty-five years of incarceration for each count. Further, petitioner, a recidivist, received an enhanced sentence of life imprisonment with the possibility

---

[1]Since the filing of the petition in this case, the superintendent at Mt. Olive Correctional Complex has changed, and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

1

of parole. Petitioner filed a direct appeal, and this Court affirmed the trial court's decision on May 17, 2013. *See State v. Slonaker*, No. 12-0127, 2013 WL 2157831 (W. Va. May 17, 2013)(memorandum decision).

Petitioner filed a pro se petition for a writ of habeas corpus on October 30, 2013. After being appointed counsel, petitioner filed two amended petitions, the second being filed on January 17, 2017. Relevant to this appeal, petitioner asserted several grounds for relief, including ineffective assistance of counsel due to trial counsel's alleged failure to call witnesses at trial, raise legitimate defenses, and raise certain arguments on direct appeal. Petitioner also asserted improper prosecutorial statements and that his statement to police was coerced and involuntary.

Following receipt of a response, but without holding a hearing, the habeas court denied petitioner habeas relief on January 24, 2018. The habeas court undertook a review of the records from petitioner's underlying proceedings and concluded that petitioner was not denied effective assistance of counsel. While petitioner asserted that his trial counsel should have called witnesses to corroborate his statements given to law enforcement, the court determined that petitioner never identified or claimed that there were other witnesses to the events, other than those who testified at trial. Petitioner also contended that his trial counsel should have called a subject matter expert that could have explained why victims make false accusations of rape. However, the habeas court found that no such witness was needed given that the victim never accused petitioner of rape due to her complete inability to remember any of the events of that night.[2] Further, although petitioner averred that his counsel erred in not calling an expert witness to rebut one of the State's witnesses, the habeas court found that there was no need as the State's witness testified as to what petitioner wanted to prove—that there were no major injuries to the victim. The habeas court concluded that "[n]one of these allegations amount to ineffective assistance of counsel and had Petitioner's counsel pursued them, it would not have made a difference in the outcome of the trial."

The habeas court also denied petitioner's claims regarding his allegedly coerced statement to the police due to the fact that testimony demonstrated that, contrary to petitioner's claims, he had been permitted to use the restroom prior to giving his statement. Moreover, the recording of petitioner's statement demonstrated that petitioner "did almost all of the talking" and did not appear to be in a rush or in distress. The habeas court also dismissed petitioner's improper prosecutorial comments claim, finding that the remarks made by the prosecutor were not "devastatingly prejudicial" and did not amount to a violation of petitioner's right to a fair trial. Further, it found the statements did not result in manifest injustice and did not warrant a reversal of the verdict. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the

---

[2]The record indicates that the victim was too intoxicated to remember the events of the night. However, as set forth more fully below, two witnesses happened upon petitioner during the commission of this crime and the witnesses detained him until police officers could arrive and arrest him.

following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner first contends that the habeas court erred in denying him an omnibus hearing based upon an incorrect evidentiary standard. According to petitioner, the habeas court erroneously applied a preponderance of the evidence standard, rather than the lower probable cause standard set forth in West Virginia Code § 53-4A-7(a).[3] By improperly applying a higher standard of review, petitioner argues he was denied the benefit of an evidentiary hearing, which would have allowed him to address the claims set forth in his petition. Secondly, petitioner contends that the habeas court erred in dismissing his petition without holding a hearing on his claims of ineffective assistance of counsel, prejudicial statements made by the prosecutor, and that his statements to the police were coerced. Petitioner avers that his claims as set forth in his petition were sufficient to warrant an omnibus hearing and that the habeas court abused its discretion in denying the same. We disagree.

---

[3]West Virginia Code § 53-4A-7(a) sets forth, in relevant part, that

[i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury.

We have previously noted that

> [i]t is evident from a reading of W.Va. Code § 53-4A-7(a) that a petitioner for habeas corpus relief is not entitled, as a matter of right, to a full evidentiary hearing in every proceeding instituted under the provisions of the post-conviction habeas corpus act. . . . A hearing is required only "[i]f it appears to the court . . . that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived." Even in such circumstances, there is no requirement that a full evidentiary hearing be conducted.

*Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984) (footnote omitted). The decision to hold a hearing rests in the "sound discretion" of the circuit court. *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 253, 778 S.E.2d 694, 702 (2015) (citation omitted). Indeed,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus *without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.*

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) (emphasis added); *see also Gibson*, 173 W. Va. at 688, 319 S.E.2d at 813 ("In essence, then, the post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing or to compel the State to produce evidence in its possession in large part to the sound discretion of the court before which the writ is made returnable."). Specifically,

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*Gibson*, 173 W. Va. at 689, 319 S.E.2d at 814.

We first note that petitioner's claim that the habeas court erroneously applied a preponderance of the evidence standard in summarily denying his petition without a hearing is without merit. Petitioner incorrectly characterizes the issue as the circuit court's alleged failure to use the correct standard of proof. However, the true issue is whether the circuit court abused its discretion in declining to hold a hearing on the matter and ruling on the merits of the claims. We find that it did not. Here, the circuit court clearly cited to West Virginia § 53-4A-7(a) as a basis for deciding petitioner's claims without a hearing, specifically noting that "if the [c]ourt is satisfied that no evidentiary hearing is required . . . it must enter an order with specific findings of fact and conclusions of law denying the requested relief." As such, the court found that, without holding a hearing, it could rule on the merits of petitioner's individual claims by

4

applying the appropriate preponderance of the evidence standard. Therefore, we find no abuse of discretion in the circuit court's decision to rule on the merits of petitioner's claims without holding an evidentiary hearing.

While petitioner also argues that the habeas court improperly denied his individual claims based upon the preponderance of the evidence standard, we note that "a petitioner in a post-conviction proceeding bears the burden of pleading and subsequently proving his claims by a preponderance of the evidence." *State ex rel. Richey v. Hill*, 216 W. Va. 155, 163, 603 S.E.2d 177, 185 (2004). Moreover,

> [u]nder the statute of this state dealing with habeas corpus proceedings a prima facie case, in order for this Court to issue the writ, may be made by petition showing by an affidavit or other evidence probable cause to believe that a person is detained without lawful authority. However, this does not in any way warrant the release of a petitioner confined in the penitentiary. Such petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release.

*Id.* at 163, 603 S.E.2d at 185 (quoting syl. pt. 1, *State ex rel. Scott v. Boles*, 150 W. Va. 453, 147 S.E.2d 486 (1966)). Accordingly, the circuit court did not err in addressing the merits of petitioner's individual claims under a preponderance of the evidence standard. With this standard in mind, we turn to petitioner's individual claims.

In his brief on appeal, petitioner does not challenge any of the rulings made by the habeas court on his ineffective assistance of counsel claims. He merely seeks a hearing and, in support, cites cases where we found a hearing was necessary. However, those cases are inapposite because petitioner's claims could all be addressed, without a hearing, by reference to the record developed in his underlying criminal matter. As set forth in the habeas court's order, there was no merit to petitioner's claim that counsel should have called an expert witness to explain why victims make false accusations of rape when the victim here never claimed that petitioner raped her. In fact, the record shows that the victim was so intoxicated on the night of the incident that she did not even recognize petitioner at trial. As such, this expert testimony would have been irrelevant. Further, petitioner's claim that a medical expert should have been called to testify that the victim sustained no physical injuries similarly lacked merit given that the State's medical expert testified to that fact. Additionally, any argument that counsel should have called witnesses to corroborate petitioner's statements to police is meritless as petitioner has never identified, even in his brief on appeal, a witness who could testify to such statements. Similarly, petitioner's claim that counsel failed to pursue legitimate defenses was not supported by the record. According to petitioner, the victim only became combative after the witnesses approached. Because the victim was non-combative with petitioner up to that point, he averred that her non-verbal behavior indicated consent and that his counsel did not adequately pursue that defense. However, two witnesses testified that the victim was struggling against petitioner while he held her down. Moreover, petitioner's claim that his counsel failed to adequately investigate the veracity of one of the witness's statements regarding his employment and the amount of time it took him to reach the location of the incident from that place of employment was irrelevant to the fact that the witness was at the scene and observed the victim struggling against petitioner.

5

Lastly, petitioner's claim that his counsel was deficient in failing to raise all possible errors on appeal is likewise without merit. While petitioner contends that his counsel should have challenged a statement made by one of the State's witnesses on appeal, the record demonstrates that counsel objected to the statement and the trial court instructed the jury to disregard the statement. Further, the habeas court noted that the statement was not so prejudicial as to warrant a mistrial. Thus, the habeas court did not err in not holding a hearing on petitioner's ineffective assistance of counsel claim.

We likewise find no error in the habeas court's decision to summarily deny petitioner's claim that the prosecutor made prejudicial statements during closing argument. In his brief on appeal, petitioner argues that the prosecutor intended to "inflame the jury's sensibilities" by referring to numerous unrelated crimes that had taken place in Monongalia County, West Virginia. Specifically, the prosecutor referenced other cases wherein bystanders did not intervene, unlike petitioner's case. According to petitioner, these statements had no factual support and were simply intended to bolster the actions of the State's witnesses. Petitioner additionally challenges the prosecutor's rhetorical statements that the assault must have been the victim's fault due to her short clothing and the fact that petitioner was looking for a victim.

We have previously held that "[a] prosecutor may argue all reasonable inferences from the evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw." Syl. Pt. 7, *State v. England*, 180 W. Va. 342, 376 S.E.2d 548 (1988). Further, while "[i]t is improper for a prosecutor in this State to 'assert his personal opinion as to the justness of a cause, as to the credibility of a witness . . . ,'" prosecutors are not prohibited from "comment[ing] . . . on the credibility of witnesses, but only the assertion of a personal opinion." *Id.* at 351, 376 S.E.2d at 557 (citing *State v. Critzer*, 167 W. Va. 655, 280 S.E.2d 288 (1981)). Stated another way, "the purpose of the *Critzer* rule is to prevent the use of the prosecutor's status as a means to bolster witness credibility." *England*, 180 W. Va. at 351, 376 S.E.2d at 557.

We first note that the State's rhetorical comments regarding the victim's clothes and her level of fault given her highly intoxicated state were not improper insofar as it was petitioner's counsel who questioned the victim regarding her drinking habits and her clothing on the night of the incident. The State's comment that petitioner was looking for a victim is an inference that could be made from the evidence presented. Further, the State never opined that the witnesses in this case were credible because they intervened in the situation. Rather, the prosecutor stated that she was glad that these witnesses had intervened when the witnesses in many of her other cases had not. Even if this comment was intended to use the prosecutor's status to bolster the witnesses' credibility, the fact remains that the witnesses here intervened and remained present on the scene until law enforcement arrived.

Assuming arguendo that these comments were improper, this Court has previously noted that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. Pt. 5, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995). *See also* syl. pt. 5, *State v. McCracken*, 218 W. Va. 190, 624 S.E.2d 537 (2005). Indeed, "[t]he test is whether the remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due

6

process.'" *Sugg*, 193 W. Va. at 405, 456 S.E.2d at 486. The determination of whether improper prosecutorial argument "has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial." *Id.*, 193 W. Va. at 405, 456 S.E.2d at 486. As we held in Syllabus Point 6 of *Sugg*,

> [f]our factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

193 W. Va. at 393, 456 S.E.2d at 474. *See also* syl. pt. 8, *State ex rel. Kitchen v. Painter*, 226 W. Va. 278, 700 S.E.2d 489 (2010); *McCracken*, 218 W. Va. at 192, 624 S.E.2d at 539, syl. pt. 4.

We find that the prosecutor's statements during closing arguments do not amount to reversible error. First, the record establishes that the State's comments were isolated to a few brief statements at the beginning of the prosecutor's closing statement. Second, the statements were not so inflammatory as to warrant a finding that the State was intentionally attempting to mislead the jury. As noted above, the State's comments regarding the victim's state of dress and her intoxication were rhetorical statements drawn from the questioning by petitioner's counsel. Although nothing was submitted into evidence regarding the other cases mentioned by the State, there is no indication that the State offered that information to mislead the jury. Nor does the record indicate that these statements prejudiced petitioner. Indeed, aside from his bald assertion, petitioner fails to state how he was prejudiced by the State's comments. Third, there is no evidence that the State made these comments in an effort to divert the attention of the jury to extraneous matters. Lastly, there was sufficient evidence, absent the State's remarks, to establish petitioner's guilt of the crimes charged.[4]

---

[4]Pursuant to West Virginia Code § 61-8B-4(a),

> [a] person is guilty of sexual assault in the second degree when:
>
> (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion; or
>
> (2) Such person engages in sexual intercourse or sexual intrusion with another person who is physically helpless.

Further, pursuant to West Virginia Code §61-8B-1(7), "'[s]exual intercourse' means any act between persons involving penetration, however slight, of the female sex organ by the male sex

(continued . . .)

7

Here, the State presented the testimony of several witnesses who were able to describe petitioner's conduct of thrusting into the victim, who was in a completely incoherent state, with his pants around his ankles. Further, while petitioner testified that he and the victim engaged in consensual sexual intercourse, the treating emergency room physician testified that the victim had a blood alcohol concentration of .227, three times the legal limit for driving a motor vehicle. The victim also testified that she had been drinking on the night of the incident and had no memory of it at all. However, even if the victim's intoxication did not render her "physically helpless" as defined by West Virginia Code § 61-8B-4(a)(2), the record is clear the victim did not consent. One witness described petitioner as holding down the victim by her forearms and thrusting into her while she asked him to stop. A second witness testified that, upon approaching the scene, his companion pushed petitioner away from the victim, and the victim ran to him stating "please help me out, please get him away from me." The witness testified that petitioner claimed that the witness "would [have] do[ne] the same thing" to the victim. This testimony is sufficient to establish that petitioner forcibly engaged in sexual intercourse with the victim without her consent. Therefore, even absent the allegedly improper comments made by the State, the strength of the competent proof introduced to establish the guilt of petitioner was overwhelming.

Having reviewed these statements pursuant to the factors set forth in *Sugg*, we find that the prosecutor's reference to bystanders' actions in other cases, the victim's state of dress, and petitioner's intention to seek out a victim did not rise to the level of prejudicing petitioner such that a new trial was warranted, especially given the overwhelming evidence of his guilt.

We also find no error in the habeas court's denial without a hearing of petitioner's claim that his statements to the police were coerced. On appeal, petitioner cites to no portion of the record in support of his self-serving assertions that his statement was involuntarily given. Petitioner first raised this issue on the second day of his trial when he requested that his statement be suppressed. The trial court heard evidence from petitioner and the detective who took his statement, as well as listened to petitioner's recorded statement. Ultimately, the trial court found that petitioner's statement was taken voluntarily. The habeas court reviewed the trial transcript and reached the same conclusion. It found that the detective testified that petitioner requested to use the restroom and that the detective accompanied him to ensure that no DNA evidence was destroyed. Further, the detective testified that petitioner gave his statement after having used the restroom. The habeas court found that the recorded statement demonstrated that petitioner never asked to use the restroom, did not appear to be in a hurry or in any discomfort during the recording, and "did almost all of the talking" during the statement.

In his brief on appeal, petitioner admits that "these issues were considered by the [trial court] on several occasions [and] each time it concluded that the statement was voluntarily made." As shown herein, the habeas court performed a thorough review of the record and found

---

organ or involving contact between the sex organs of one person and the mouth or anus of another person."

no basis for holding a hearing on petitioner's claim regarding the voluntariness of his statement, specifically finding that petitioner's claims were not credible given the testimony presented and the recording of petitioner's statement. Further, petitioner provides no additional information on appeal that warrants the holding of a hearing on this claim, which he admits has already been litigated "several times." Accordingly, we find no error in the habeas court's conclusion that petitioner's confession was not involuntary or coerced.

For the foregoing reasons, we affirm the circuit court's January 24, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** September 13, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison