# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Keenan,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0078** (Kanawha County 19-P-64)

**Karen Pszczolkowski, Superintendent, Northern**
**Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Keenan, by counsel J.A. Curia III, appeals the Circuit Court of Kanawha County's January 5, 2021, order dismissing his amended petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent of Northern Correctional Center, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response. On appeal, petitioner argues that the circuit court erred by failing to hold an evidentiary hearing regarding *Zain III* issues and not considering petitioner's exemplary behavior while incarcerated.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This petition for a writ of habeas corpus stems from petitioner's 1984 felony convictions, via jury trial, of four counts of first-degree sexual assault and one count of abduction with the intent to defile and with presentment of a firearm—all related to petitioner's abduction and sexual assaults of a woman. As a result of his convictions, petitioner was consecutively sentenced to an aggregate indeterminate term of forty-three years to ninety years of incarceration.

Prior to filing the instant petition, petitioner filed numerous actions in the circuit court and with this Court. In 1991, the circuit court appointed petitioner counsel and held an omnibus hearing

---

[1]"*Zain III*" refers to *In re Renewed Investigation of State Police Crime Lab'y, Serology Div.*, 219 W. Va. 408, 633 S.E.2d 762 (2006).

1

on one of petitioner's habeas petitions, which it ultimately denied. This Court refused petitioner's appeal.

Subsequently, petitioner filed at least five habeas petitions in the circuit court, which were ultimately denied. Petitioner filed the underlying petition in 2019, and the court appointed counsel who reviewed the *Losh*[2] list with petitioner and filed an amended petition. After reviewing the petition, the record in petitioner's prior habeas actions, and various trial court records, but without holding an omnibus hearing, the circuit court denied petitioner's amended petition by order entered on January 5, 2021. It is from this order that petitioner appeals.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Meadows v. Mutter*, 243 W. Va. 211, 842 S.E.2d 764 (2020).

Petitioner asserts that the circuit court erred in failing to hold an evidentiary hearing regarding *Zain III* issues. Petitioner relies on Syllabus Point 4 of that case, which states that a "prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence." *Zain III*, 219 W. Va. at 409, 633 S.E.2d at 763. Critically, however, petitioner ignores our additional direction that "a prisoner who challenges his or her conviction *must prove that the serologist offered false evidence in his or her prosecution*." *Id.* at 415, 633 S.E.2d at 769 (emphasis added). Fatally, petitioner never alleged that the serologist who testified at his trial offered false evidence. Essentially, petitioner invokes *Zain III* without alleging that any issue covered in that decision arose during his trial.

On appeal, as in his petition below, petitioner asserts that Corporal Sabrina Midkiff, a forensic biologist, testified that seminal fluid was found on a washcloth at the crime scene. Confusingly, petitioner admits that he used a towel to wipe his seminal fluid after sex with the victim, thereby demonstrating the accuracy of the witness's testimony. Petitioner then goes on to allege that the witness failed to connect the seminal fluid to any specific male and that she failed to mention other towels in the hotel room that he believes should have also contained seminal fluid. According to petitioner, his credibility was damaged by the officer's testimony. Upon our review, we fail to understand how this could be the case or why petitioner believes this is a *Zain III* issue. In short, this is simply insufficient to entitle petitioner to relief. *See* Syl. Pt. 1, *State ex rel. Scott v. Boles*, 150 W. Va. 453, 147 S.E.2d 486 (1966) ("[A habeas] petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release."). Furthermore, the circuit court correctly noted that petitioner has admitted to sexual acts with the victim in three prior habeas petitions and that "any serological

---

[2]*Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

evidence would appear, at best, to be immaterial" given these admissions. Accordingly, petitioner's *Zain III* claims are without merit and petitioner is entitled to no relief.[3]

For the foregoing reasons, we affirm the circuit court's January 5, 2021, order denying petitioner's amended petition for writ of habeas corpus.

Affirmed.

**ISSUED:** August 31, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

Justice Tim Armstead, Disqualified

---

[3]We will not address petitioner's second assignment of error as a prisoner's behavior is no basis for habeas corpus relief and is not cognizable in a habeas corpus proceeding. "West Virginia limits the availability of habeas relief to constitutional violations, jurisdictional errors, illegal sentences and those convictions which would have been subject to collateral attack by statute or at common-law prior to the adoption of our post-conviction habeas statute. W. Va. Code § 53-4A-1 (a)." *Pethel v. McBride*, 219 W. Va. 578, 594, 638 S.E.2d 727, 743 (2006).